IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LARRY DELL ADAMS**                                                                               **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 3:10cv-531-TSL-MTP**

**CHRISTOPHER B. EPPS, ET AL.**                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Having considered court record, the Plaintiff's testimony during his *Spears*[1] hearing, and the applicable law, the undersigned recommends that Plaintiff's claims against Christopher Epps and Margaret Bingham be dismissed with prejudice.

## ANALYSIS

Because the Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However,

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on October 4, 2011. *See* Minute Entry dated 10/5/11.

Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Plaintiff alleges a claim for the denial of access to the courts against Christopher Epps, Commissioner for the Mississippi Department of Corrections ("MDOC"), and Margaret Bingham, former Superintendent of the Central Mississippi Correctional Facility ("CMCF"). Specifically, Plaintiff claims that he filed a grievance through the Administrative Remedy Program ("ARP") regarding the claims at issue in his complaint, and Dr. Moore answered steps one and two, which he claims is improper and violates MDOC policies and procedures. He claims that Margaret Bingham should have answered the second step, and that Christopher Epps never answered the third step. He claims that this constitutes a denial of access to the courts because exhaustion through the ARP is required before he may bring his claims before the court.

First, the court notes that Plaintiff received a certificate of completion of the ARP process, indicating that the process is now a two-step procedure, which he has completed. *See* Response [7] at 18. Second, as evidenced by the omnibus hearing, Plaintiff was ultimately able to bring his claims before the court, and the Defendants waived their right to pursue an exhaustion defense during the hearing. Thus, Plaintiff was not denied access to the courts and has suffered no prejudice by Mr. Epps' and Ms. Bingham's alleged failure to properly respond to his ARP grievance. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating

that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *Cartner v. Lowndes County*, 89 Fed. App'x 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Donnelly v. Edwards*, 95 Fed. App'x 702, 703 (5th Cir. 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's claims against Christopher Epps and Margaret Bingham be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 24th day of October, 2011.

s/ Michael T. Parker
United States Magistrate Judge