IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LARRY DELL ADAMS**                                                                 **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:10cv-531-TSL-MTP**

**CHRISTOPHER B. EPPS, ET AL.**                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [35] and the Plaintiff's Motion for Cross Summary Judgment [38]. Having reviewed the motions and the applicable law, the undersigned recommends that the Defendants' Motion [35] be granted, that Plaintiff's Motion [38] be denied, and that this action be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff Larry Dell Adams, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on September 24, 2010. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts claims against Defendants Wexford Health Services and Robert Moore for wrongfully charging his inmate account for sick calls. He further claims there is a conspiracy between Wexford and Moore to improperly charge inmates for sick calls and to disregard the MDOC policies and procedures for the ARP process.[2] *See* Scheduling and Case Management Order [27]. Plaintiff's claims occurred while he was a post-conviction inmate at the Central Mississippi Correctional Facility ("CMCF"), where he is currently incarcerated.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on October 4, 2011.

[2] Plaintiff's complaint also included claims against Christopher Epps, Margaret Bingham, and Mark Hale. Mr. Hale was dismissed by Order [11] dated May 4, 2011; Mr. Epps and Ms. Bingham were dismissed by Order [31] dated November 21, 2011.

Plaintiff seeks compensatory and punitive damages and the following injunctive relief: an order compelling the MDOC to take care of his medical needs, an order prohibiting the MDOC from improperly charging his account for medical care, and an order requiring the MDOC to refund the money that was wrongfully withdrawn from his inmate account.

Defendants filed their Motion for Summary Judgment [35] on January 5, 2012. Plaintiff filed his Motion for Cross Summary Judgment [38], which the court construes as a response to Defendant's Motion [35], on January 23, 2012.

## STANDARD

This court may grant summary judgment only if, viewing the facts in a light most favorable to the non-moving party, the movants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine*

issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff alleges that Defendants Wexford Health Services and Robert Moore wrongfully charged his inmate account for sick calls from approximately September 2009 to February 2010. Specifically, he claims that $43.03 was improperly withdrawn from his account for sick call visits. He claims that Dr. Moore is the medical administrator at CMCF and determines the charges for sick call visits. He claims that Wexford is Dr. Moore's employer and is responsible

3

for his actions.

Plaintiff filed a grievance through the Administrative Remedy Program ("ARP") and Dr. Moore answered steps one and two, which he claims is improper and violates MDOC policies and procedures. He claims there is a conspiracy between Wexford and Moore to improperly charge inmates for sick calls and to disregard the MDOC policies and procedures for the ARP process.

According to the Defendants' submissions, inmates are charged a co-pay of $6.00 for medical and dental visits, and are charged the same co-pay amount for failing to attend a scheduled appointment (a "no-show"). There is no charge for certain visits, like follow-up visits scheduled by the physician. *See* MDOC Inmate Handbook, Ex. A to Motion [35-1]. Moreover, no inmate is refused medical treatment due to his financial status. Indigent inmates are assessed all current funds available in their account and owe the balance, which sometimes results in a liability on their account pending future receipt of available funds. *Id*. Defendants submitted the affidavit of Luticia Scott, Supervisor of Inmate Banking for MDOC, outlining the charges made to Plaintiff's account. According to Ms. Scott, each charge to Plaintiff's inmate account was proper. *See* Motion [35], Memo. [36] and attached exhibits.

In his Response [38], Plaintiff does not appear to dispute that he failed to appear for scheduled visits on July 1, 2009, and November 9, 2009; rather, he states that Defendants have no proof that he signed a refusal form. He also complains of the amount of time that it took to charge him for the no-shows. Plaintiff claims he was falsely charged for approximately five or six visits; however, he states that on October 26, 2010, $36.00 was credited to his account for the "false" charges. He maintains that Dr. Moore is responsible for the erroneous charges since he was the medical director at CMCF and is over the doctors and nurses at the clinic.

In general, charging inmates nominal fees for medical care when they are not denied

4

medical care based on their inability to pay does not constitute deliberate indifference.  *See Calloway v. Woods*, No. 1:04cv610, 2006 WL 3166427, at *3 (E.D. Tex. Nov. 1, 2006); *Morris v. Perry*, No. A–11–CV–739–SS, 2011 WL 6012524, at *6 (W.D. Tex. Dec. 1, 2011) ("The fact the inmates with adequate resources are required pay a small cost for their health care is not unconstitutional."); *Cook v. Painter*, 30 F.3d 1491, 1 (5th Cir. 1994) (upholding a policy, similar to the MDOC policy described above, which charged inmates nominal amounts for health care when they had sufficient funds in their accounts).  Plaintiff is not claiming he was denied medical care.

"Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy."  *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (footnote omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  It is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The Fifth Circuit and district courts within the Fifth Circuit have upheld the dismissal of prisoners' suits for property deprivation because of the availability of state law remedies, even where the alleged deprivation of property occurred in violation of a prison's notice and hearing policy.  *See*, *e.g.*, *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996) (*per curiam*) (holding that because adequate post-deprivation state remedy existed, plaintiffs failed to state actionable Section 1983 claim for allegedly unauthorized debits from their prison accounts); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (prisoner's claim based on confiscation of his property not actionable under Section 1983 because adequate state post-deprivation remedy existed);

*Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984) (where state provided adequate post-deprivation remedy, inmate did not suffer an actionable property loss under Section 1983); *see also Cole v. Lafayette Parish Sheriff's Office*, No. 10-0109, 2010 WL 2944436, at *6 (W.D. La. June 2, 2010) (holding that "the deprivation of funds as alleged by the plaintiff, whether negligent or intentional is not actionable in this civil rights complaint because Louisiana law provides plaintiff with his remedy"); *Calloway v. Woods*, No. 1:04cv610, 2006 WL 3166427, at *3 (E.D. Tex. Nov. 1, 2006) (dismissing plaintiff's claim that his prison inmate account was wrongfully charged for sick calls as frivolous, since Texas provides an adequate post-deprivation remedy.)

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See*, *e.g.*, Miss. Code Ann. § 11-38-1 *et seq.* (claim and delivery); Miss. Code Ann. § 11-37-101 *et seq.* (replevin). It is Plaintiff's burden to establish that these post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95 (citations omitted). Plaintiff has failed to allege, must less provide any evidence, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, assuming that the Plaintiff's inmate account was wrongfully debited by Defendants for sick-calls, Plaintiff's remedy lies not in a Section 1983 action, but in a tort claim under state law. Accordingly, the undersigned recommends that this claim be dismissed with prejudice.

Moreover, Plaintiff's claims that there is a conspiracy between Wexford and Moore to improperly charge inmates for sick calls and to disregard the MDOC policies and procedures for the ARP process also fail. Conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). As set forth in the affidavit of Joe Ebbitt, Manager of Risk Management for Wexford, the MDOC charges

inmates a co-pay for certain medical treatment; neither Wexford nor Dr. Moore receives any portion of the co-pay.

Further, Plaintiff must "prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993).  As set forth above, Plaintiff's claims regarding his inmate account do not amount to a constitutional violation.  Likewise, Plaintiff's claims that the Defendants failed to follow MDOC policies and procedures with respect to the ARP does not rise to the level of a constitutional violation.  *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*;  McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007).  Plaintiff has no constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction.  *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007).

RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Defendants' Motion for Summary Judgment [35] be granted, that Plaintiff's Motion for Cross Summary Judgment [38] be denied, and that Plaintiff's claims be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th day of March, 2012.

s/ Michael T. Parker
United States Magistrate Judge